IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JONATHAN CHAPIN**, | Case No. 1:11 CV 1554 |
| Petitioner, | Judge Dan Aaron Polster |
| v. | REPORT AND RECOMMENDATION |
| **KIMBERLY CLIPPER**, Warden, | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

Petitioner Jonathan Chapin filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 while he remained in state custody at the Grafton Correctional Institution. (Doc. 1; *see* Doc. 14, at 1). The Court issued an Order directing Respondent Warden Kimberly Clipper to answer the Petition within 30 days to show cause why the writ should not be granted (Doc. 3), but the Order was not forwarded to the state Attorney General's office until after the deadline to respond had passed (Non-document entry dated October 3, 2011); (Doc. 9). Respondent submitted a motion requesting an extension of time to respond until December 30, 2011 (Doc. 9), which the undersigned granted (Doc. 10). The day before Respondent submitted the Motion for Extension of Time, Petitioner filed a Motion to Expand the Record (Doc. 7), which the undersigned ultimately granted (Doc. 11). The same day, based on his correct understanding that Respondent had not filed a Return of Writ by the Court's initial deadline, Petitioner filed a Motion for Judgment on the Pleadings. (Doc. 8).

After requesting and receiving an additional extension of time to respond (Docs. 12, 13), Respondent filed a Return of Writ (Doc. 14) with attached exhibits (Docs. 14-1, 14-2) asking the

Court to dismiss or deny the Petition. Petitioner has not filed a Traverse and the last mail the Court sent to Petitioner – a copy of the order granting Respondent's second Motion for Extension of Time (Non-document entry dated January 3, 2012) – was returned as non-deliverable, stating Petitioner was no longer at the Grafton Correctional Institution. (Doc. 15). Respondent's Return of Writ indicates Petitioner was released from prison on December 7, 2011 and is now serving three years on Post Release Control. (Doc. 14, at 4 n.1).

The district court has jurisdiction over the Petition under 28 U.S.C. §§ 2241 and 2254(a). Although Petitioner filed for federal habeas relief under § 2241 and Respondent framed the Return of Writ in terms of § 2254(a),"there is really only a single 'gate' to federal habeas relief from state custody – through the general jurisdictional grant in section 2241". *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006). Section 2254(a) operates to provide limits on the general grant of jurisdiction when a state prisoner challenges a state court judgment. *Id.*; *see also Booker v. Anderson*, 2007 U.S. Dist. LEXIS 43233, *7 (N.D. Ohio 2007) ("The Sixth Circuit has expressly recognized that the ability of state prisoners to bring a habeas petition under 28 U.S.C. § 2241 is limited by the restrictions set forth in 28 U.S.C. § 2254."). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated August 3, 2011). For the reasons discussed below, the undersigned recommends Petitioner's Motion for Judgment on the Pleadings be denied as moot and also recommends the Petition itself be denied.

## BACKGROUND

In July 2004, the Grand Jury in Lorain County, Ohio indicted Petitioner in Case Number 04CR065811 on one count of Failure to Comply with the Order or Signal of a Police Officer, a

violation of Ohio Revised Code § 2921.331(B) and a third-degree felony, and one count of Obstructing Official Business, a violation of Revised Code § 2921.31(A) and a fifth-degree felony. (Doc. 14-1, at 1). Petitioner initially pled not guilty to the charges (Doc. 14-1, at 2), but withdrew these pleas and entered guilty pleas on March 29, 2005 (Doc. 14-1, at 3–6). The Lorain County Common Pleas Court accepted his guilty pleas and referred Petitioner to the State Adult Parole Authority for a pre-sentence evaluation and report. (Doc. 14-1, at 3).

Petitioner failed to appear at his sentencing hearing on May 23, 2005. (Doc. 14-1, at 7). He was arrested and on May 25, 2005, the court sentenced him to 12 months on Count One and six months on Count Two, with the sentences to run concurrently for an aggregate prison-term of one year. (Doc. 14-1, at 8). The court deferred this sentence until July 25, 2005, at which time Petitioner was ordered to appear in court to present documentation of his employment and counseling. (Doc. 14-1, at 112). The court postponed this hearing twice (Doc. 14-1, at 112), and on September 12, 2005, the court vacated its May 25, 2005 sentence and re-sentenced Petitioner to one year community control (Doc. 14-1, at 14).

Also on May 25, 2005 (the same day as his initial sentencing in Case Number 04CR065811), the Lorain County Grand Jury indicted Petitioner in Case Number 05CR067665, on five separate counts: (1) Felonious Assault, a violation of Revised Code § 2903.11(A)(1) and a second-degree felony; (2) Menacing, a violation of Revised Code § 2903.22(A) and a fourth-degree misdemeanor; (3) Endangering Children, a violation of Revised Code § 2919.22(A) and a first-degree misdemeanor; (4) Domestic Violence, a violation of Revised Code § 2919.25(A) and a first-degree misdemeanor; and (5) Intimidating a Victim or Witness, a violation of Revised Code § 2921.04(B) and a third-degree felony. (Doc. 14-1, at 18–19). After initially pleading not guilty (Doc. 14-1, at

20), Petitioner withdrew his guilty pleas and pled guilty to the charges in the indictment about a year later, on July 25, 2006 (Doc. 14-1, at 21–24).[1] This guilty plea form contained Petitioner's acknowledgment that if he was currently on felony probation, parole or community control, or post release control, his plea in Case Number 05CR067665 could result in revocation proceedings and a new consecutive sentence could be imposed. (Doc. 14-1, at 21).

The court sentenced Petitioner to five years incarceration for Felonious Assault, one month for Menacing, six months for Endangering Children, six months for Domestic Violence, and five years for Intimidation of a Victim or Witness, all to run concurrently with each other for an aggregate sentence of five years. (Doc. 14-1, at 28). Additionally, the sentences in Case Number 05CR067665 were to run concurrently with the sentence in Case Number 02CR061527. (Doc. 14-1, at 28); *see* http://cp.onlinedockets.com/LorainCP/case_dockets/Docket.aspx?CaseID=63262. The sentencing order did not mention Case Number 04CR065811.

The Lorain County Grand Jury also indicted Petitioner on March 15, 2006, in Case Number 06CR070216 on one count of Failure to Register, a violation of Revised Code § 2950.06 subject to punishment under Revised Code § 2950.99(A) and a fourth-degree felony. (Doc. 14-1, at 34). After initially pleading not guilty (Doc. 14-1, at 35), Petitioner withdrew his not-guilty plea and pled guilty on July 25, 2006.[2] (Doc. 14-1, at 38). That same day, the court sentenced him to one year, to

---

1. While Respondent's Return of Writ (Doc. 14, at 3) and the Lorain County Court of Common Pleas' website (http://cp.onlinedockets.com/loraincp/case_dockets/Docket.aspx?CaseID=92549) state the change-of-plea and sentencing occurred on July 25, 2006, the signed guilty-plea form and sentencing order indicate the date was July 21, 2006 (Doc. 14-1, at 23–24, 29).

2. As with the change-of-plea and sentencing information in Case Number 05CR067665, Respondent's Return of Writ (Doc. 14, at 4) and the Lorain County Court of Common Pleas' website (http://cp.onlinedockets.com/LorainCP/case_dockets/Docket.aspx?CaseID=104420) state the change-of-plea and sentencing occurred on July 25, 2006, but the signed guilty-plea form and

run concurrently with the sentences in Case Number 05CR067665 for an aggregate sentence of five years. (Doc. 14-1, at 42).

On March 28, 2006, Petitioner waived a probable cause hearing in Case Number 04CR065811 after being arrested when he violated his community control terms. (Doc. 14-1, at 113). The court revoked his community control on April 10, 2006 and re-sentenced him to a total of one year incarceration – with his initial two sentences in Case Number 04CR065811 to run concurrently with each other – and up to three years post release control. (Doc. 14-1, at 31–32, 113).

The judgment entry did not indicate whether these re-imposed sentences would run consecutively or concurrently with Petitioner's other sentences. (*See* Doc. 14-1, at 31–33). Indeed, this sentencing order could not possibly have referenced the sentences in Case Numbers 05CR067665 and 06CR070216 because those sentences were not even imposed on Petitioner until July 25, 2006 – more than three months after the court re-imposed his sentences in Case Number 04CR067665. (Doc. 14-1, at 28–29). Moreover, Revised Code § 2921.331 – Failure to Comply with the Order or Signal of a Police Office – specifically states: "If an offender is sentenced . . . for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term *consecutively* to any other prison term or mandatory prison term imposed upon the offender." Revised Code § 2921.331(D) (emphasis added).

In November 2009, Petitioner filed a motion for judicial release in Case Numbers 05CR067665 and 06CR070216 (Doc. 14-1, at 44–45), but this motion was denied on November 24, 2009 (Doc. 14-1, at 46). Petitioner filed for judicial release in Case Number 04CR065811 on April 12, 2011 (Doc. 14-1, at 47–50) and was denied on April 20, 2011 (Doc. 14-1, at 51). On June 20,

---

sentencing order indicate the date was July 21, 2006 (Doc. 14-1, at 38, 40, 43).

2011, Petitioner filed a motion for jail time credit in Case Number 04CR065811 (Doc. 14-1, at 52–56), but the court denied this motion because "[t]he sentence . . . ha[d] been served." (Doc. 14-1, at 58). Petitioner filed a second motion for judicial release in Case Number 05CR067665 on August 18, 2011 (Doc. 14-1, at 59–64), but was denied August 24, 2011 (Doc. 14-1, at 65).

Petitioner did not file any direct appeals challenging his convictions or sentences. He filed a petition for a writ of habeas corpus in the Ohio Supreme Court on May 9, 2011 seeking immediate release from prison and arguing he was being held past the expiration of the intended sentence, in violation of the United States and Ohio constitutions. (Doc. 14-1, at 67). He contended his sentences had all been required to be served concurrently – for a total of five years rather than six years – and that his sentences had thus expired on March 21, 2011. (Doc. 14-1, at 67–78). The Ohio Supreme Court dismissed Petitioner's case sua sponte on June 22, 2011, stating his petition had been "considered in a manner prescribed by law," and that "[u]pon consideration thereof, it is ordered by the Court, sua sponte, that this cause is dismissed." (Docs. 1-5; 14-1, at 108). Petitioner then filed this Petition on July 28, 2011, seeking a federal writ of habeas corpus. (Doc. 1).

## DISCUSSION

Petitioner alleges only one ground for relief. He claims his Fifth and Fourteenth Amendment rights to liberty were violated because he states his prison sentence expired on March 21, 2011 and he was imprisoned beyond that date. (Doc. 1, at 3–4). Petitioner correctly states he was sentenced to an aggregate of one year prison time on April 10, 2006 (Case Number 04CR065811) and an aggregate of five years prison time on July 21, 2006 (Case Numbers 05CR067665 and 06CR070216). (Doc. 1, at 2). He points to the fact that his sentences in Case Numbers 05CR067665 and 06CR070216 specifically noted they were to be served concurrently with each other, but did not

6

explain how those sentences were to be served with the one year sentence from Case Number 04CR065811. (Doc. 1, at 2). According to Petitioner, the Revised Code requires multiple sentences to be served concurrently rather than consecutively when a sentencing order is silent on the matter. (Doc. 1, at 3). Though he does not cite it specifically, the undersigned believes Petitioner refers to Revised Code § 2929.41(A), which provides "[e]xcept as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term . . . shall be served concurrently with any other prison term".

This statute regarding multiple sentences has been interpreted to mean that "sentencing ambiguities are traditionally resolved in favor of the defendant." *State v. Quinones*, 2004 Ohio App. LEXIS 4072, ¶ 26 (Ohio Ct. App. 2004) (sentencing ambiguities resolved in defendant's favor when sentences in journal entries differed from those stated at sentencing hearing); *see also Hamilton v. Adkins*, 10 Ohio App. 3d 217, 218 (1983) (ambiguity resolved in defendant's favor where court failed to specify whether the sentences it imposed on the same day for multiple misdemeanors were consecutive); *Gaddis v. United States*, 280 F.3d 334, 336 (6th Cir. 1963) ("Where there is any ambiguity, the prisoner is entitled to have the language in the [sentencing] pronouncement construed most favorable to him."). But, for the reasons discussed below, there is no ambiguity in Petitioner's sentences. In fact, Ohio law required his sentence for the Failure to Comply violation to be served consecutively. Revised Code § 2921.331(D).

Exhaustion

To obtain federal habeas relief, a petitioner must first exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1). This requirement is satisfied only if the petitioner's claim is "fairly presented" to the state courts before seeking relief in the federal courts. *Baldwin v. Reese*,

541 U.S. 27, 29 (2004); *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

While Petitioner did not file a direct appeal from either his convictions or his sentences, Respondent in this case agrees Petitioner has exhausted his state remedies. (Doc. 14, at 8). Although Respondent points out that "[s]entencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ"(Doc. 14, at 9) (citing *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 441 (2005)), Respondent agrees Petitioner properly presented this particular claim regarding sentencing in a state habeas corpus action. This is because Petitioner does not claims errors in his actual sentencing hearings or entries, but rather claims that after reviewing all the sentencing entries together, the Ohio courts must have concluded his sentence had expired. (Doc. 14, at 9–10). Thus, Respondent does not argue Petitioner failed to exhaust his claims, as Petitioner completed exhaustion in his state habeas action. (Doc. 14, at 10); (*see* Doc. 14-1, at 67).

<u>Petitioner's Claim Alleges Only State-Law Issues</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, limits federal habeas review of state adjudications. When a claim was adjudicated on the merits in state court proceedings, a federal court shall not grant a habeas petition unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". 28 U.S.C. § 2254(d)(1). The Supreme Court provided direction on the application of this standard in

8

*Williams v. Taylor*, 529 U.S. 362 (2000). Under the "contrary to" prong of Section 2254(d)(1), a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* at 405-06.

The "unreasonable application" prong of Section 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle" from the Supreme Court's decisions, "but unreasonably applies that principle to the facts" of petitioner's case. *Id.* at 413. The "unreasonable application" standard requires the state court decision to be more than incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (citing *Williams*, 529 U.S. at 407). Rather, the state court's application must have been "objectively unreasonable." *Williams*, 529 U.S. at 409. Therefore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

Here, Respondent contends the Ohio Supreme Court did make a determination on the merits of Petitioner's claims because the court's entry stated that the "petition for a writ of habeas corpus . . . was considered in the manner prescribed by law. . . . [and that] [u]pon consideration thereof, it is ordered by the Court, sua sponte, that this cause is dismissed." (Doc. 14, at 11); (Doc. 14-1, at 108). Ohio's Third District Court of Appeals held that an Ohio Supreme Court decision using the same language it used in Petitioner's case was a "merits decision" on a habeas action because the court had "considered" the petition. *Mubashshir v. Sheldon*, 2010 Ohio App. LEXIS 4083, ¶ 13 (Ohio Ct. App. 2010). The undersigned agrees the Ohio Supreme Court's decision dismissing the

9

state habeas petition was an adjudication on the merits, including an adjudication on the violations of federal law Petitioner alleged in that state action. (*See* Doc. 14-1, at 67). Because Petitioner's claims were adjudicated on the merits in state court, the Court may not grant federal habeas relief unless that state adjudication was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). As Petitioner's claims arise solely under state laws, they are not cognizable in federal habeas proceedings.

"The writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("'[a] claim based solely on an error of state law is not redressable through the federal habeas process.'"(quoting *Estelle v. McGuire*, 502 U.S.62, 67–68 (1991)). Petitioner's single alleged ground for relief asks the Court to determine the Ohio Department of Rehabilitation and Correction's Bureau of Sentencing Computation misapplied Ohio's sentencing statutes when it determined Petitioner's sentence in Case Number 04CR065811 should be served consecutively to his other sentences. (Doc. 1, at 3). This, he alleges – and the Ohio Supreme Court's failure to determine his sentence had expired (*see* Doc. 14, at 6) – amounts to a violation of his federal due process rights under the Fifth and Fourteenth Amendments (Doc. 1, at 2–3). But the question of whether the sentencing entries in Petitioner's cases required him to serve an aggregate of five or six total years in prison is one that can be determined under Ohio law alone. Petitioner's challenge to the length of his sentence presents a matter of interpreting Ohio's sentencing laws, and even if the district court disagreed with the determination regarding Petitioner's sentences, a federal court "cannot grant the writ based on . . . disagreement with state-court determinations on state-law questions . . . unless the state-court determination is so fundamentally

unfair that it deprives a defendant of due process". *Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (internal citations omitted).

It is, of course, possible for a misapplication of state law to result in a federal due process violation, but no violation has occurred here because no state-law error occurred. Furthermore, here Petitioner has not indicated – and indeed cannot indicate – a state-law error that implicates the federal due process clause. Without more, "a mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982). Here, while Petitioner attempts to cast his claim in constitutional terms, his claim does no more than suggest Respondent's sentencing calculations may have violated state law. *See id.* at 121. Because Petitioner presents only a state-law issue that the Ohio Supreme Court has already adjudicated, and does not implicate a due process violation affecting fundamental elements of fairness in criminal proceedings, *see Spencer v. Texas*, 385 U.S. 564, 562–64 (1967), the undersigned recommends dismissing Petitioner's federal habeas Petition.

<u>Petitioner's Claim Fails on the Merits</u>

Even if Petitioner had presented a cognizable federal due process violation, his Petition would fail on the merits because Ohio law required Petitioner's sentence for Case Number 04CR065811 to be served consecutively to his other sentences.

Revised Code § 2929.331(D) requires those convicted under § 2921.331(B) to serve the sentence consecutively with other sentences. The Revised Code repeats this requirement in § 2929.14(C)(3), stating: "If a prison term is imposed for a violation of . . . division (B) of section 2921.331, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term *previously or subsequently imposed* upon the offender." Revised Code § 2929.14(C)(3). Petitioner appears to base his argument for concurrent sentences on Revised Code

11

§ 2929.41, which provides: "[e]xcept as provided [in specific Revised Code sections], a prison term . . . shall be served concurrently with any other prison term". Revised Code § 2929.41. However, Ohio case law establishes that a sentence under § 2921.331(B) *must* be served consecutively with other sentences, even if the additional sentences and the facts underlying them occurred after the initial sentence for Failure to Comply under § 2921.331(B). *State v. Jeffrey*, 2011 Ohio App. LEXIS 2280 (Ohio Ct. App. 2011).

In *Jeffrey*, the State appealed the court's order of concurrent sentences arguing that because the appellee had pled guilty to and been convicted of Failure to Comply under § 2921.331(B), law required that sentence to be served consecutively. *Id.* at ¶¶ 3, 5, 8. The appellee failed to comply with an order or signal of a police officer on July 20, 2009, leading to a high-speed pursuit and a charge under Revised Code § 2921.331(B) in the Richland County Court of Common Pleas. *Id.* at ¶ 1–3. He then failed to appear at his change-of-plea hearing on December 16, 2009. *Id.* at ¶ 3–4. On April 7, 2010, the Delaware County Court of Common Pleas sentenced the appellee to 16 months in a different case, and on July 21, 2010, the Franklin County Court of Common Pleas sentenced the appellee in yet another case. *Id.* at ¶ 4. The appellee was then located and entered a guilty plea in the Richland County § 2921.331(B) Failure to Comply case. *Id.* at ¶ 5. After a rather lengthy discussion – with the State arguing the appellee was not eligible for concurrent sentences due to his conviction under § 2921.331(B) and the court questioning whether it could sentence him to consecutive time for events that occurred after the initial offense – the trial court sentenced the appellee to one year on the Failure to Comply charge, to be served concurrently with his two out-of-county sentences. *Id.* at ¶¶ 5, 13–41.

The appeals court agreed with the State that Revised Code § 2921.331(D) "mandates a

12

sentence consecutive to appellee's prior sentences . . . even if the crimes appellee committed in those counties post-dated his acts leading to the failure to comply offense in the present case." *Id.* at ¶ 48. *See also State v. Spicer*, 2010 Ohio App. LEXIS 55, ¶ 19 (Ohio Ct. App. 2010) ("Although the statute does not specifically state whether it was meant to apply to instances where a defendant is being sentenced on two or more separate cases, we find that, pursuant to R.C. 2921.331(D), a term of imprisonment for failure to comply must run consecutive to that of any other term of imprisonment, no matter if the sentence is being imposed in the same or different case.").

In his case, Petitioner pled guilty to and was convicted of Failure to Comply in violation of Revised Code § 2921.331(B). (Doc. 14-1, at 3–6, 8). The court sentenced him to one year in prison for this offense (Doc. 14-1, at 8), and reinstated this sentence when it revoked his community control (Doc. 14-1, at 30–32). Because Petitioner was sentenced for a violation of § 2921.331(B), § 2921.331(D) required his sentence for that crime to be served consecutively with any other sentence either previously or subsequently imposed on him. *See* Revised Code § 2929.14(C)(3); *Jeffrey*, 2011 Ohio App. LEXIS 2280, at ¶ 48; *Spicer*, 2010 Ohio App. LEXIS 55, at ¶ 19. This includes offenses like 05CR067665 and 06CR070216, which post-dated the events leading to 04CR065811. Thus, even if the district court could reach the merits of Petitioner's case, Petitioner's request for a federal writ of habeas corpus would still have to be denied.

## CONCLUSION AND RECOMMENDATION

Following review of the record, arguments presented, and applicable law, Petitioner presents only state-law issues not cognizable in a federal habeas corpus case. But even if the Court could reach the Petition's merits, Petitioner's grounds would nonetheless lack merit. Therefore, the undersigned recommends the Petition be denied and dismissed. The undersigned further

recommends Petitioner's Motion for Judgment on the Pleadings (Doc. 8) be denied as moot, as the Court granted Respondent additional time to file a Return of Writ (Docs. 10, 13) and Respondent did so within the extended deadlines (Doc. 14).

>s/James R. Knepp, II
>United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).